1

DANIEL BOGDEN
United States Attorney
2

MICHAEL CHU
Assistant United States Attorney
3

333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada  89101
4

(702) 388-6336

5

UNITED STATES DISTRICT COURT

6

DISTRICT OF NEVADA

7

United States of America,
        Plaintiff,

8

Case No. 2:11-cr-00022-JCM-RJJ

9

v.

**The United States' Objections
to the Report & Recommendation
Granting Defendants' Motions to Dismiss**

10

John Kane and Andre Nestor,
        Defendants.

11

12

        The United States, by and through the undersigned attorneys, asks the Court to overrule the

13

Report & Recommendation (Dkt #86) to the extent it grants defendants' motions to dismiss (Dkt

14

#56, 57 & 62).

15

**Background**

16

        In poker, players play the hand of cards they are dealt.  After that hand is over, and a winner

17

has been declared, the next hand of poker begins and all players are dealt a new hand of cards.  One

18

cannot reach back into the pile of discarded cards and use those same cards for the next hand of

19

poker.

20

        But in 2009, defendants devised a way to do this very thing on certain video poker machines.

21

First, they played video poker until they won a hand, and collected their legitimate winnings.  Next,

22

they started a new game and accessed the hand of cards they just used.  They then used that

23

previously played hand of cards to fraudulently obtain a second set of winnings.  From about April

24

1

2009 to September 2009, by accessing previously played hands of cards, defendants defrauded casinos out of hundreds of thousands of dollars.

**Discussion**

The Report & Recommendation ("R&R") dismissed Counts 2 and 3 of the Indictment (Dkt #12). These counts allege that defendants "did knowingly and with intent to defraud access a protected computer exceeding his authorized access and by means of such conduct furthered the intended fraud and obtained something of value, specifically, money." *See also* 18 U.S.C. § 1030(a)(4). The R&R dismissed these counts holding that (1) the video poker machines were not "protected" computers, and (2) that defendant's actions did not exceed their authorized access under *United States v. Nosal*, 676 F.3d 854 (9th Cir. 2012) (*en banc*). Respectfully, the R&R erred.

**A.  The Indictment sufficiently alleges a violation of 18 U.S.C. § 1030(a)(4)**

**1.  The standard for a motion to dismiss**

An indictment is sufficient if it states "the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against him, primarily so that he can defend himself against the charge and plead double jeopardy in appropriate cases." *United States v. Johnson*, 804 F.2d 1078, 1084 (9th Cir. 1986) (citations omitted). Notice is the touchstone. Indictments must simply "be a plain, concise, and definite written statement of the essential facts of the offense charged . . . ." Fed. R. Crim. Pro. 7(c)(1).

Extrinsic evidence is not to be considered. "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense, the district court is bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *Id*. "The indictment either states an offense or it doesn't. There is no reason to conduct an evidentiary hearing." *Id*.

1    **2.  A violation of 18 U.S.C. § 1030(a)(4) is sufficiently alleged**

2         As a threshold matter, the Indictment (Dkt #12) sufficiently alleges an offense.  An

3    indictment that sets forth the offense in the language of the statute itself and contains the necessary

4    factual predicates is generally considered sufficient.  *Johnson*, 804 F.2d at 1084-85 ("Because

5    Johnson's indictment states the elements of § 2113(c), the approximate date on which Johnson

6    received and possessed the stolen money, the approximate location of his receipt of the money, and

7    the location of the bank from which it was stolen, it gave Johnson adequate notice to defend himself

8    against the § 2113(c) charge. The indictment therefore meets the requirements of due process.").

9         Here, the Indictment tracks the language of 18 U.S.C. § 1030 (alleging that defendants "did

10   knowingly and with intent to defraud access a protected computer exceeding his authorized access

11   and by means of such conduct futhered the intended fraud and obtained something of value,

12   specifically, money").  The Indictment also alleges sufficient information such as dates and

13   descriptions of defendants' actions.  Thus, the Indictment sufficiently alleges a violation of 18

14   U.S.C. § 1030(a)(4), and the R&R, to the extent it granted defendants' motions to dismiss, should be

15   overruled.  If, however, the Court seeks to reach the merits of defendants' arguments, then,

16   respectfully, the R&R erred as set forth below.

17   **B.  The video poker machines in this case are "protected" computers**

18        The R&R, p.4, correctly found that the video poker machines in this case are "computers"

19   because they are an "electronic, …or other high speed data processing device performing logical,

20   arithmetic, or storage functions."  18 U.S.C. § 1030(e)(1) (defining "computer").  But, respectfully,

21   the R&R incorrectly held that video poker machines were not "protected" computers.

22        Any computer is "protected" by the CFAA if it "is used in or affecting interstate commerce

23   or communication …."  18 U.S.C. § 1030(e)(2)(B).  Courts have held that computers connected to

24   the internet are protected computers, *see United States v. Nosal*, 676 F.3d 854 (9th Cir. 2012) (*en*

*banc*); other courts have held that computers subject to federal regulation are also "protected"

computers, *see United States v. Mitra*, 405 F.3d 492 (9th Cir. 2005).  But what is notable is that

1030(e)(2)(B) does not restrict the ways in which interstate commerce must be affected.  Section

1030(e)(2)(B)'s only requirement is that a computer must somehow affect interstate commerce.

### 1. Gaming machines are "protected" because customers from all over the world – including defendant Andre Nestor – travel to Las Vegas for the express purpose of playing its gaming machines

Under this definition, gaming machines are protected because they do affect interstate

commerce.  First, at trial, the United States will introduce evidence that customers from all over the

world travel to Las Vegas in order to gamble on Las Vegas' gaming machines.  Lured to Las Vegas,

these customers spend money on flights, hotels, restaurants, and various services.  These out of state

customers also spend their money on these gaming machines; some of them actually leave with

more money than they contributed.  Casinos, being rational businesses, obtain revenues from these

gaming machines.  All of this affects interstate commerce.[1]

The R&R, p. 6 also holds that "this supposed effect on interstate commerce only holds up in

the aggregate … the Government cannot show that individual video poker machines have such an

effect on interstate commerce."  But this is contradicted by the fact that, as the Indictment (Dkt #12)

alleges, defendant Andre Nestor himself traveled from Pennsylvania to Las Vegas in order to play

these machines – and this affected interstate commerce.  Moreover, if necessary, the United States

will be able to produce additional evidence at trial – perhaps through player's club card data,

---

[1]     Although page 7 of the R&R claims that casino customers' "use of the machines is incidental to their travels," the United States respectfully submits that it is the other way around:  casino customers' travel is incidental to their use of the gaming machines.  Regardless, however, this poses a question of fact for trial.  Alternatively, 18 U.S.C. § 1030(e)(2)(B) does not specify the quantum of proof required; it only requires that interstate commerce be somehow affected, a standard which is readily satisfied here.

1    perhaps by the testimony of customers – that the machines in question were played by out of state

2    customers. This too is evidence that interstate commerce is affected.

3        Regardless, the R&R cannot simply dismiss Counts 2 and 3 because it believes the United

4    States will not be able to produce evidence at trial – this poses a question of fact.  "A defendant may

5    not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not

6    supported by adequate evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).  Put

7    another way, a "motion to dismiss the indictment cannot be used as a device for a summary trial of

8    the evidence . . . ."  *Id.*  Respectfully, the R&R erred.[2]

9    **C.  Defendants "exceeded their authorized access" to the video poker machines**

10       Respectfully, the R&R also erred when it held that *United States v. Nosal*, 676 F.3d 854 (9th

11   Cir. 2012) (*en banc*) required it to dismiss Counts 2 and 3.  *Nosal* is simply inapplicable.  To

12   illustrate, let us focus on the *actus reus* of three situations.

> 1. Someone, who is not authorized to access a protected computer (hardware), accesses that computer anyway.  This violates Section 1030(a)(4), if all other elements are satisfied.  18 U.S.C. § 1030(a)(4).  This is commonly referred to as a "without authorization" case.
>
> 2. Someone is (a) authorized to access a protected computer, but then (b) accesses information that he is not authorized to access.  If all other elements are satisfied, this too violates Section 1030(a)(4)'s prohibition against exceeding authorized access.  "Exceeds authorized access means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or to alter."  18 U.S.C. § 1030(e)(6).
>
> 3. Someone is (a) authorized to access a protected computer, and is (b) authorized to access information on that computer – but then (c) uses that information in ways that the owner does not intend.  This is commonly referred to as a "use restriction," and under *Nosal*, this does not violate the CFAA.

---

[2]    Alternatively, gaming machines affect interstate commerce, as shown by the fact that they are subject to federal regulation. *See United States v. Mitra*, 405 F.3d 492 (7th Cir. 2005) (radios regulated by the FCC).  Defendants argued that "No Federal Agency regulates video poker machines," but this is incorrect.  The U.S. Department of Justice, Office of Enforcement Operations (Gambling Devices Registration Unit) does regulate gaming machines pursuant to the Gambling Devices Act of 1962 (15 U.S.C. § 1171-78).  As *Mitra* demonstrates, because video poker machines are subject to federal regulation, they are "protected" computers.

1    Thus, Situations #1 and #2 violate the CFAA.  But Situation #3, with which *Nosal* dealt,

2  does not.

3    In this case, the R&R erred when it concluded that defendants were charged with a use

4  restriction (Situation #3) and thus, under *Nosal* could not violate Section 1030(a)(4).  Instead,

5  defendants are charged with Situation #2:  exceeding their authorized access to information on the

6  casinos' video poker machines.  Once they finished playing their hand of cards and collected their

7  first set of winnings, their access terminated.  But for defendant's actions, customers were no longer

8  authorized to access that same hand of cards and use them to collect a second set of winnings.

9    Under the facts alleged by the United States – and which it will prove at trial – defendants'

10  actions were not a use restriction (Situation #3).  As a predicate for a use restriction, defendants must

11  have been allowed to re-access this previously played hand of cards.  But they were not; and but for

12  their actions, their access to these cards was cut off once they were credited with their first set of

13  winnings.  Simply put:  this cannot be a use restriction because no poker player is ever allowed to

14  reach into a pile of discarded cards and retrieve his previously winning hand for re-use.  Ultimately,

15  defendants accessed information which, at that moment, they were no longer authorized to access.

16  As such, they violated 1030(a)(4) by exceeding their authorized access, and thus, Counts 2 and 3

17  should not have been dismissed.

18  //

19  //

20  //

21  //

22  //

23  //

24  //

6

1

**Conclusion**

2

For these reasons, the United States asks that the Court overrule the R&R to the extent it

3

grants defendants' motions to dismiss.

4

Dated:  November 29, 2012.

5

Respectfully submitted,

6

DANIEL BOGDEN
United States Attorney

7

8

/s/
_____

9

Michael Chu
Assistant U.S. Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24